```
                   UNITED STATES DISTRICT COURT

                    EASTERN DISTRICT OF CALIFORNIA


CRAIG ALLEN WARD,                )  1:10-cv—0633-OWW-SKO-HC
                                 )
            Petitioner,          )  FINDINGS AND RECOMMENDATION TO
                                 )  DISMISS ACTION FOR PETITIONER'S
                                 )  FAILURE TO FOLLOW A COURT ORDER
       v.                        )  AND PAY THE FILING FEE
                                 )
ACTING WARDEN M. C. EVANS,       )  DEADLINE FOR OBJECTIONS:
                                 )  THIRTY (30) DAYS
            Respondent.          )
                                 )
                                 )
```

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter has been referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b) and Local Rules 302 and 304.

I.   Background

The petition was transferred to this Court on April 12, 2010, from the District of Northern California, action no. CV 10-662-JF-(PR) (doc. 9), with an application to proceed in forma pauperis (doc. 5) pending at the time of the transfer. Petitioner filed another motion to proceed in forma pauperis on April 15, 2010 (doc. 11), which was denied by this Court by order filed on May 5, 2010, because the documentation attached to

1

Petitioner's application demonstrated that Petitioner was able to afford the costs of the action. (Doc. 15.) The order was served by mail on Petitioner on May 5, 2010. It specifically stated:

> Petitioner is ORDERED to pay the five dollar ($5.00) filing fee within thirty (30) days of the date of service of this order. Failure to follow this order may result in a recommendation that the Petition be dismissed pursuant to Local Rule 11-110.

(Id.)

Again, on May 24, 2010, the Court denied Petitioner's renewed motion to proceed in forma pauperis, which had been filed on May 17, 2010. Petitioner was reminded that the $5.00 filing fee was due no later than June 8, 2010. The due date has passed, but Petitioner has not paid the $5.00 filing fee.

## II.  Failure to Pay the Filing Fee

Local Rule 110 provides that "...failure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions... within the inherent power of the Court." District courts have the inherent power to control their dockets and "in the exercise of that power, they may impose sanctions including, where appropriate... dismissal of a case." Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. See, e.g. Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); Carey v. King, 856 F.2d 1439, 1440-41

1  (9th Cir. 1988) (dismissal for failure to comply with local rule
2  requiring pro se plaintiff to keep court apprised of address);
3  Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987)
4  (dismissal for failure to comply with court order); Henderson v.
5  Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for
6  failure to lack of prosecution and failure to comply with local
7  rules).

8       In determining whether to dismiss an action for lack of
9  prosecution, failure to obey a court order, or failure to comply
10 with local rules, the Court must consider several factors: (1)
11 the public's interest in expeditious resolution of litigation;
12 (2) the court's need to manage its docket; (3) the risk of
13 prejudice to the defendants; (4) the public policy favoring
14 disposition of cases on their merits; and (5) the availability of
15 less drastic alternatives. Thompson, 782 F.2d at 831; Henderson,
16 779 F.2d at 1423-24; Malone, 833 F.2d at 130; Ferdik, 963 F.2d at
17 1260-61; Ghazali, 46 F.3d at 53.

18      In this case, the Court finds that the public's interest in
19 expeditiously resolving this litigation and the Court's interest
20 in managing the docket weigh in favor of dismissal, as the case
21 has been pending since February 2010.  The third factor, risk of
22 prejudice to Defendants, also weighs in favor of dismissal
23 because a presumption of injury arises from the occurrence of
24 unreasonable delay in prosecuting an action.  Anderson v. Air
25 West, 542 F.2d 522, 524 (9th Cir. 1976).  The fourth factor --
26 the public policy favoring disposition of cases on their merits--
27 is greatly outweighed by the factors in favor of dismissal
28 discussed herein.  Finally, a court's warning to a party that his

failure to obey the court's order will result in dismissal satisfies the "consideration of alternatives" requirement. Ferdik v. Bonzelet, 963 F.2d at 1262; Malone, 833 at 132-33; Henderson, 779 F.2d at 1424.  The Court's order requiring Plaintiff to pay the filing fee expressly stated that a failure of Plaintiff to pay the filing fee would be considered to be a failure to comply with an order of the Court pursuant to Local Rule 110 that could result in dismissal.  Thus, Plaintiff received adequate warning that dismissal would result from his noncompliance with the Court's order.

### III. Recommendation

Accordingly, the Court hereby RECOMMENDS that this action be DISMISSED, without prejudice, pursuant to Local Rule 110 for Plaintiff's failure to comply with the Court's order to pay the filing fee.

These findings and recommendations are submitted to the United States District Court Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within thirty (30) days after being served with a copy, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Replies to the objections shall be served and filed within fourteen (14) days (plus three (3) days if served by mail) after service of the objections.  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file

4

objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   June 20, 2010**                         /s/ Sheila K. Oberto
                                        UNITED STATES MAGISTRATE JUDGE