1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA


| | |
|---|---|
| CRAIG ALLEN WARD,<br><br>                 Petitioner,<br><br>  v.<br><br>ACTING WARDEN M. C. EVANS,<br><br>                Respondent. | ) 1:10-cv—0633-OWW-SKO-HC<br>)<br>) ORDER DENYING PETITIONER'S<br>) "FOURTH" MOTION TO PROCEED IN<br>) FORMA PAUPERIS (DOC. 18)<br>)<br>) ORDER CLARIFYING DUE DATE FOR<br>) PAYMENT OF THE $5.00 FILING FEE<br>) **Deadline for Payment of Filing**<br>) **Fee:**<br>) **NO LATER THAN FOURTEEN (14) DAYS**<br>) **AFTER THE DATE OF SERVICE OF THIS**<br>) **ORDER** |

ORDER INFORMING PETITIONER THAT
DISMISSAL WILL RESULT IF THE
FILING FEE IS NOT PAID

Plaintiff is a state prisoner proceeding pro se and in forma pauperis with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Pending before the Court is Petitioner's "Fourth" motion to proceed in forma pauperis (doc. 18), filed on July 2, 2010.

I. <u>Background</u>

The petition was transferred to this Court on April 12, 2010, from the District of Northern California, action no. CV 10-662-JF-(PR) (doc. 9), with an application to proceed in forma

1

pauperis (doc. 5) pending at the time of the transfer.
Petitioner filed another motion to proceed in forma pauperis on
April 15, 2010 (doc. 11), which was denied by this Court by order
filed on May 5, 1020, because the documentation attached to
Petitioner's application demonstrated that Petitioner was able to
afford the costs of the action. (Doc. 15.) The order was served
by mail on Petitioner on May 5, 2010. It specifically stated:

> Petitioner is ORDERED to pay the five dollar ($5.00)
> filing fee within thirty (30) days of the date of service
> of this order. Failure to follow this order may result
> in a recommendation that the Petition be dismissed
> pursuant to Local Rule 11-110.

(Id.)

By order filed May 24, 2010 (doc. 19), the Court denied a
renewed motion to proceed in forma pauperis (doc. 16) that had
been filed on May 17, 2010, and reminded Petitioner that the
filing fee was due to be paid on June 8, 2010.  When the filing
fee was not paid, findings and recommendations were filed by the
Magistrate Judge to dismiss the petition.

It then was discovered that the Clerk failed to serve on
Petitioner the order denying Petitioner's renewed motion.  The
findings and recommendations were vacated, and the clerk served
on Petitioner the order denying the renewed motion to proceed in
forma pauperis on July 28, 2010.

II.  Clarification of Due Date for Filing Fee

The order vacating the findings and recommendations directed
that Petitioner be served with the order denying Petitioner's
renewed motion.  The order denying Petitioner's renewed motion in
turn reminded Petitioner that pursuant to the Court's previous
order of May 5, 2010 (doc. 15: 21-22), the deadline for payment

2

of the filing fee was thirty days after service of the Court's
order of May 5.  The docket reflects that the order of May 5,
2010, was served on Petitioner at the address listed as
Petitioner's on the docket, and the order was not returned in the
mail.

Independently of any clerical error, Petitioner failed to
pay the filing fee or seek an extension of time within the
thirty-day period after May 5, 2010.  Petitioner did not pay the
filing fee, and Petitioner's payment of the filing fee is thus
long overdue.

However, in light of foregoing history, the Court CLARIFIES
its previous orders and INFORMS Petitioner that unless the filing
fee is paid no later than fourteen (14) days after the date of
service of this order, the action will be dismissed.

III.  "Fourth" Motion to Proceed in Forma Pauperis

In a motion filed on July 2, 2010, Petitioner again asserts
that a case in the Northern District, case C-10-0659-WHA (PR),
was transferred here and assigned case number 1:10 cv 00633-OWW-
SKO, the number of the present proceeding.  Petitioner asserts
that in that case, an application to proceed in forma pauperis
was granted in the Northern District.  Attached to the motion is
an order of transfer in Northern District case number C-10-0662-
RS-(PR), which effects the transfer of that action to this Court,
where it was given the case number of the matter before the
Court, namely, 1:10-cv-00633-OWW-SKO-HC. (Doc. 18 pp. 13-14.)
Also attached to the renewed motion is an order in the other
Northern District case, case number C-10-659-WHA-(PR), granting
leave to proceed in forma pauperis. (Doc. 18, 13.) That order was

3

1  dated May 5, 2010.

2    It thus appears that Petitioner has submitted an order from

3  a different proceeding in the Northern District--i.e., one which

4  did not become the present proceeding upon transfer--in which a

5  court exercised its discretion to grant an application to proceed

6  in forma pauperis.

7    Title 28 U.S.C. § 1915(a)(1) provides that any court of the

8  United States may authorize the commencement, prosecution of

9  defense of any civil or criminal suit, action, proceeding, or any

10  appeal therein, without prepayment of fees or security therefor,

11  by a person who submits an affidavit that includes a statement of

12  all assets the person possesses and that the person is unable to

13  pay such fees or give security therefor.  Id.; Floyd v. United

14  States Postal Service, 105 F.3d 274, 275-77 (6th Cir. 1997),

15  modified on other grounds in Callihan v. Schneider, 178 F.3d 800,

16  801 (6th Cir. 1999).  Section 1915(a) does not require that the

17  litigant be destitute; rather, a party must not be required to

18  choose either to abandon a potentially meritorious claim or to

19  forego the necessities of life.  Potnick v. Eastern State

20  Hospital, 701 F.2d 243, 244 (2nd Cir. 1983) (citing Adkins v.

21  E.I. DuPont de Nemours & Co., Inc., 335 U.S. 331, 339, (1948)).

22    In the motion before the Court, Petitioner has not

23  demonstrated that he is required to choose to abandon a

24  potentially meritorious claim or forego the necessities of life.

25  Petitioner has not shown that he is unable to afford the costs of

26  this action.

27    If Petitioner's motion is considered a motion for

28  reconsideration pursuant to Federal Rule of Civil Procedure, Rule

4

59(e), see, United States v. Westlands Water Dist., 134 F.Supp.2d
1111, 1130 (E.D. Cal. 2001), then Petitioner has not demonstrated
grounds sufficient to warrant relief pursuant to Fed. R. Civ. P.
59(e), which is appropriate when there are highly unusual
circumstances, the district court is presented with newly
discovered evidence, the district court committed clear error, or
a change in controlling law intervenes.  School Dist. No. 1J,
Multnomah County, Oregon v. AcandS, Inc., 5 F.3d 1255, 1262 (9th
Cir. 1993).

     Federal Rule of Civil Procedure 60(b), which governs the
reconsideration of final orders of the district court, permits a
district court to relieve a party from a final order or judgment
on grounds including but not limited to 1) mistake, inadvertence,
surprise, or excusable neglect; 2) newly discovered evidence; 3)
fraud, misrepresentation, or misconduct by an opposing party; or
4) any other reason justifying relief from the operation of the
judgment.  Fed. R. Civ. P. 60(b) generally applies to habeas
corpus proceedings.  See, Gonzalez v. Crosby, 545 U.S. 524, 530-
36 (2005).  Relief may be granted in the event of an intervening
change in controlling law, the availability of new evidence or an
expanded factual record, or the need to correct a clear error or
prevent manifest injustice.  Kern-Tulare Water Dist. v. City of
Bakersfield, 634 F.Supp. 656, 665 (E.D.Cal. 1986), aff'd in part
and rev'd in part on other grounds, 828 F.2d 514 (9th Cir. 1987).
A party seeking reconsideration must show more than a
disagreement with the Court's decision and offer more than a
restatement of the cases and arguments considered by the Court
before rendering the original decision.  United States v.

1   <u>Westlands Water Dist.</u>, 134 F.Supp.2d 1111, 1131 (E.D. Cal. 2001).

2   Motions to reconsider pursuant to Rule 60(b)(1) are committed to

3   the discretion of the trial court, <u>Rodgers v. Watt</u>, 722 F.2d 456,

4   460 (9th Cir. 1983).

5      If Petitioner's renewed motion is considered to be an

6   application pursuant to Fed. R. Civ. P. 60(b), then Petitioner

7   has failed to demonstrate any grounds for relief.

8      Further, Petitioner has failed to comply with Local Rule

9   230(j), which governs the procedures to be followed with respect

10   to motions for reconsideration.

11      IV.  <u>Disposition</u>

12      Accordingly, it is ORDERED that

13      1) Petitioner's "Fourth" motion to proceed in forma pauperis

14   is DENIED; and

15      2) The filing fee IS DUE no later than fourteen (14) days

16   after the date of service of this order; and

17      3) Petitioner IS INFORMED that if the filing fee is not
  timely paid, then the action WILL BE DISMISSED.**IT IS SO ORDERED.**

18 **Dated:   August 20, 2010**       **/s/ Oliver W. Wanger**

19                   UNITED STATES DISTRICT JUDGE

20

21

22

23

24

25

26

27

28