UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CRAIG ALLEN WARD,<br><br>    Petitioner,<br><br>  v.<br><br>ACTING WARDEN M. C. EVANS,<br><br>    Respondent. | 1:10-cv–0633-OWW-SKO-HC<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS SUCCESSIVE PETITION PURSUANT TO 28 U.S.C. § 2244(b) (Doc. 4) AND TO DECLINE TO ISSUE A CERTIFICATE OF APPEALABILITY<br><br>DEADLINE FOR OBJECTIONS:<br>THIRTY (30) DAYS |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter was referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b) and Local Rules 302 and 304. Pending before the Court is the petition, which was filed on February 25, 2010, in the United States District Court for the Northern District of California and transferred to this Court on April 5, 2010.

    I. <u>Screening the Petition</u>

Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (Habeas Rules) requires the Court to make a preliminary review of each petition for writ of habeas corpus. The Court must summarily dismiss a petition "[i]f it plainly

appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court...." Habeas Rule 4; O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990); see also Hendricks v. Vasquez, 908 F.2d 490 (9th Cir. 1990). Habeas Rule 2(c) requires that a petition 1) specify all grounds of relief available to the Petitioner; 2) state the facts supporting each ground; and 3) state the relief requested. Notice pleading is not sufficient; rather, the petition must state facts that point to a real possibility of constitutional error. Rule 4, Advisory Committee Notes, 1976 Adoption; O'Bremski v. Maass, 915 F.2d at 420 (quoting Blackledge v. Allison, 431 U.S. 63, 75 n.7 (1977)). Allegations in a petition that are vague, conclusory, or palpably incredible are subject to summary dismissal. Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990).

Further, the Court may dismiss a petition for writ of habeas corpus either on its own motion under Habeas Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed. Advisory Committee Notes to Habeas Rule 8, 1976 Adoption; see, Herbst v. Cook, 260 F.3d 1039, 1042-43 (9th Cir. 2001).

II.  Background

Petitioner is an inmate of Folsom State Prison who was sentenced to twenty-six (26) years to life in the Kern County Superior Court in 1995 for receiving stolen property with prior convictions in violation of Cal. Pen. Code §§ 496, 667.5, and 667. (Pet. 2.)

The present petition is not the first petition filed with

2

respect to the judgment pursuant to which Petitioner is detained. The Court may take judicial notice of court records.  Fed. R. Evid. 201(b); <u>United States v. Bernal-Obeso</u>, 989 F.2d 331, 333 (9th Cir. 1993); <u>Valerio v. Boise Cascade Corp.</u>, 80 F.R.D. 626, 635 n. 1 (N.D. Cal. 1978), <u>aff'd</u>, 645 F.2d 699 (9th Cir. 1981). The Court will take judicial notice of its own dockets.

On June 22, 1999, a habeas petition challenging Petitioner's Kern County conviction and sentence was denied on the merits by this Court in <u>Craig Allen Ward v. Gail Lewis</u>, 1:98-cv-5355-AWI-SMS-P.  (Docs. 18, 30, 31.)

Further, additional dockets reflect that Petitioner filed other petitions addressing his Kern County sentence which were dismissed as successive.  (<u>Craig Allen Ward v. Gail Lewis</u>, 1:98-cv-05984-OWW-HGB-P, docs. 14, 16, 18; <u>Craig Allen Ward v. M.C. Kramer</u>, 1:06-cv-01738-OWW-LJO-HC, docs. 7, 10, 11.)

III. <u>Successive Petition</u>

Because the petition in the present case was filed after the enactment of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), the AEDPA applies to the petition. <u>Lindh v. Murphy</u>, 521 U.S. 320, 327 (1997), <u>cert</u>. <u>denied</u>, 522 U.S. 1008 (1997); <u>Furman v. Wood</u>, 190 F.3d 1002, 1004 (9th Cir. 1999).

A federal court must dismiss a second or successive petition that raises the same grounds as a prior petition.  28 U.S.C. § 2244(b)(1).  The Court must also dismiss a second or successive petition raising a new ground unless the petitioner can show that 1) the claim rests on a new, retroactive, constitutional right or 2) the factual basis of the claim was not previously discoverable through due diligence, and the new facts establish by clear and

3

convincing evidence that but for the constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense. 28 U.S.C. § 2244(b)(2)(A)-(B).

However, it is not the district court that decides whether a second or successive petition meets these requirements, which allow a petitioner to file a second or successive petition. Section 2244(b)(3)(A) provides, "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." In other words, a petitioner must obtain leave from the Ninth Circuit before he or she can file a second or successive petition in district court. See Felker v. Turpin, 518 U.S. 651, 656-657 (1996). This Court must dismiss claims in a second or successive habeas corpus application under section 2254 unless the Court of Appeals has given Petitioner leave to file the petition. 28 U.S.C. § 2244(b)(1). This limitation has been characterized as jurisdictional. Burton v. Stewart, 549 U.S. 147, 152 (2007); Cooper v. Calderon, 274 F.3d 1270, 1274 (9th Cir. 2001).

A disposition of a first petition is "on the merits" if the district court either considered and rejected the claim, or determined that the underlying claim would not be considered by a federal court. McNabb v. Yates, 576 F.3d 1028, 1029 (9th Cir. 2009) (citing Howard v. Lewis, 905 F.2d 1318, 1322 (9th Cir. 1990)).

Here, the first petition concerning the Kern County judgment was denied on the merits. Petitioner makes no showing that he

4

1  has obtained prior leave from the Ninth Circuit to file his
2  successive petition attacking the conviction.  Accordingly, this
3  Court has no jurisdiction to consider Petitioner's renewed
4  application for relief from that conviction under Section 2254
5  and must dismiss the petition.  See <u>Felker v. Turpin</u>, 518 U.S.
6  651, 656-657; <u>Burton v. Stewart</u>, 549 U.S. 147, 152; <u>Cooper v.
7  Calderon</u>, 274 F.3d 1270, 1274.  If Petitioner desires to proceed
8  in bringing this petition for writ of habeas corpus, he must file
9  for leave to do so with the Ninth Circuit.  See 28 U.S.C. § 2244
10 (b)(3).
11      IV.  <u>Certificate of Appealability</u>
12      Unless a circuit justice or judge issues a certificate of
13 appealability, an appeal may not be taken to the Court of Appeals
14 from the final order in a habeas proceeding in which the
15 detention complained of arises out of process issued by a state
16 court.  28 U.S.C. § 2253(c)(1)(A); <u>Miller-El v. Cockrell</u>, 537
17 U.S. 322, 336 (2003).  A certificate of appealability may issue
18 only if the applicant makes a substantial showing of the denial
19 of a constitutional right.  28 U.S.C. § 2253(c)(2).  Under this
20 standard, a petitioner must show that reasonable jurists could
21 debate whether the petition should have been resolved in a
22 different manner or that the issues presented were adequate to
23 deserve encouragement to proceed further.  <u>Miller-El v. Cockrell</u>,
24 537 U.S. at 336 (quoting <u>Slack v. McDaniel</u>, 529 U.S. 473, 484
25 (2000)).  A certificate should issue if the Petitioner shows that
26 jurists of reason would find it debatable whether the petition
27 states a valid claim of the denial of a constitutional right and
28 that jurists of reason would find it debatable whether the

5

district court was correct in any procedural ruling. Slack v. McDaniel, 529 U.S. 473, 483-84 (2000).

In determining this issue, a court conducts an overview of the claims in the habeas petition, generally assesses their merits, and determines whether the resolution was wrong or debatable among jurists of reason. Miller-El v. Cockrell, 537 U.S. at 336-37. It is necessary for an applicant to show more than an absence of frivolity or the existence of mere good faith; however, it is not necessary for an applicant to show that the appeal will succeed. Id. at 338.

A district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Rule 11(a) of the Rules Governing Section 2254 Cases.

Here, Petitioner has not demonstrated that jurists of reason would find it debatable whether or not the petition states a valid claim of the denial of a constitutional right. Petitioner has not made the substantial showing required for issuance of a certificate of appealability.

V. Recommendation

Accordingly, it is RECOMMENDED that:

1) The petition be DISMISSED as successive; and

2) The Court DECLINE to issue a certificate of appealability; and

3) The Clerk close this action because the dismissal will terminate the action.

These findings and recommendations are submitted to the United States District Court Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of

6

the Local Rules of Practice for the United States District Court, Eastern District of California.  Within thirty (30) days after being served with a copy, any party may file written objections with the Court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Replies to the objections shall be served and filed within fourteen (14) days (plus three (3) days if served by mail) after service of the objections.  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   January 3, 2011**                    /s/ Sheila K. Oberto
                                   UNITED STATES MAGISTRATE JUDGE